CIACCIO, Judge,
concurring.
I concur.
As the majority opinion points out, procedural capacity is presumed unless challenged by the dilatory exception. C.C. art. 855. Defendant did not file a dilatory exception. Even treating defendant’s answer as equivalent to a dilatory exception, as does the majority, the capacity of which he complains is the bank’s status as unlicensed under LS.A. R.S. 9:3510 et seq.
A bank does not need to be licensed under La.R.S. 9:3510 et seq. to make consumer credit loans. La.R.S. 9:3557 excepts a “supervised financial organization” from the prohibition of making loans. La.R.S. 9:3516(27) defines “supervised financial organization” as a “banking or similar organization..La.R.S. 6:19(3) prohibits the use of the word “Bank”, “Trust Company”, or “any other word of similar import” in the name or title of any institution not organized under either the federal or state banking laws.
Defendant did not deny plaintiff’s status as a bank. As a bank, plaintiff was authorized and had the capacity to make the loan to defendant.